**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF**
**LOUISIANA**

| | |
|---|---|
| **IDRIELLE BROWN** | * |
| | * |
| **VS** | * |
| | * |
| **WADE HILL, MURPHY PAUL** | * |
| **IN HIS CAPACITY AS CHIEF OF** | * |
| **POLICE FOR THE CITY OF BATON** | * |
| **ROUGE, BATON ROUGE POLICE** | * |
| **DEPARTMENT, AND THE CITY OF** | * |
| **BATON ROUGE** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**<u>PETITION FOR DAMAGES</u>**

NOW INTO COURT, through undersigned counsels, comes the Plaintiff, IDRIELLE BROWN (hereinafter referred to as "Petitioner," "Plaintiff," or "Ms. Brown") a person of full age and of majority, resident and domiciled within the Middle District of Louisiana, respectfully represents to this Honorable Court the following:

1.

Made Defendants herein are the following:

a) THE CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE, a local government entity and body politically created by statute, being a municipality, and political subdivision of the State of Louisiana, but not an agency, or department, or arm of the State of Louisiana (hereinafter sometimes referred to as "City," "Parish," "City Parish," or "C-P"), and owns, operates, manages, directs, and controls the Baton Rouge Police Department ("BRPD"), which employed the Defendant WADE HILL and Defendant MURPHY PAUL;

b) WADE HILL (hereinafter referred to as "Mr. Hill" or "Officer Hill"), was at all relevant times to this complaint an officer in the Baton Rouge Police Department, and is a person of full age and of majority, domiciled in East Baton Rouge Parish. He is sued in his individual capacity;

c) MURPHY PAUL (hereinafter referred to as "Chief Paul"), is and was at all relevant times the Chief of BRPD, a person of full age and majority domiciled in East Baton Rouge Parish. He is sued in his official capacity;

d) NORTHGATE APARTMENTS, a residential complex, that has a principal place of business in East Baton Rouge Parish, and unknown domicile, which hired Officer Wade Hill for security detail and provided him with an apartment unit for his personal use;

e) At all times relevant to this complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

f) At all times to this Complaint, all defendants acted under the color of state law.

2.

**JURISDICTION AND VENUE**

The United States District Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. 1983 and 28 U.S.C. 1331, 1343(a)(3), and 1367(a).

3.

The Middle District of Louisiana is the appropriate venue to bring this complaint, because the facts that give rise to Plaintiff's claims all took place within the Middle District of Louisiana.

## FACTUAL ALLEGATIONS SURROUNDING JULY 8, 2022

4.

On or about July 8, 2022, BRPD Officer Wade Hill, while working extra duty, responded to a trespassing call at an apartment complex involving the Plaintiff.

5.

Officer Hill responded to the call at the request of the apartment complex manager. He then put the Plaintiff in handcuffs and placed her in the back of his BRPD patrol unit.

6.

Instead of driving the Plaintiff to the precinct or the East Baton Rouge Parish Prison, he drove her to what she believed to be his private residence.

7.

Upon pulling into Officer Hill's residence, Hill instructed Ms. Brown to lie down in the back of his patrol unit. The Defendant exited the vehicle and presumably went inside the house.

8.

Hill returned to his patrol unit, removed Ms. Brown, and placed her into his personal vehicle. While inside his vehicle, he instructed the Plaintiff to lie down as he drove away from what is presumed to be his personal residence.

9.

Once the Defendant secured the Plaintiff in his personal vehicle he took her to several locations. While inside the Defendant's vehicle, Officer Hill made several inappropriate sexual comments and touched her inappropriately without her consent.

10.

The Plaintiff and Officer Hill ended up at an apartment complex (unknown to the Ms. Brown), where Officer Hill had access to a vacant unit. There is reason to believe that this complex was the North Gate apartment complex based on Ms. Hill's recollection that the apartment was on Highland Rd., and another victim's accusations against Officer Hill identifying the apartment complex as North Gate. North Gate's address is 3135 Highland Rd.

11.

There is also reason to believe that Officer Hill was a resource officer at North Gate. It is customary that officers who perform security at apartment complexes are given courtesy apartment units to live in.

12.

The Defendant eventually released Ms. Brown, removed her handcuffs, and instructed her into the apartment unit.

13.

Once inside of the apartment unit, Ms. Brown was instructed to wait in the kitchen, as Officer Hill went towards the back of the apartment. He later returned with his penis exposed and masterbated in front of Ms. Brown.

14.

After Officer Hill finished, he drove Ms. Brown to a nail salon, offered her money to get her nails done, and dropped the Plaintiff off in the parking lot of the nail salon.

15.

Ms. Brown made a complaint with Internal Affairs. Her allegations were corroborated by surveillance footage, officer body camera footage, and GPS tracking.

16.

Officer Hill was arrested on September 1, 2022 for 2nd Degree Kidnapping, Malfeasance in Office, Sexual Battery, and Obscenity.

17.

At all times relevant to this Complaint, the conduct of Defendant Hill was in willful, reckless, and callous disregard of Plaintiff's rights under federal and state law. Additionally as direct result and proximate result of the conduct of all Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

**FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING, SUPERVISION, AND DISCIPLINE OF DEFENDANT HILL**

18.

The City of Baton Rouge utilizes and employs its own police department known as the Baton Rouge Police Department (BRPD). The Chief of BPRD at all relevant times before, during, and after this incident was Chief Murphy Paul, making him the responsible decision maker and policy maker for the BRPD.

19.

The response to the tresspassing call, misrepresentations, coercion, sexual assault, and illegal conduct sued upon herein occurred in the City of Baton Rouge, and in the exclusive territorial jurisdiction of the City of Baton Rouge's Police Department.

20.

In Chief Paul's official capacity, he was and is responsible for adopting, implementing, promulgating, and enforcing policies, customs, and practices pertaining to making arrests and preserving peace in the City of Baton Rouge.

21.

Additionally, Chief Paul is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of Baton Rouge Police Officers to ensure each police officer was and is qualified and properly trained to perform the duties and functions of a peace officer including making arrests, and preserving the peace.

22.

Based on the extreme misconduct of Defendant Hill and upon information and belief, Defendants Paul and City of Baton Rouge did not properly examine and scrutinize the background of Officer Hill.

23.

Based on the extreme misconduct of Defendant Hill and upon information and belief, Defendants Paul and City of Baton Rouge did not properly train, supervise, and/or discipline Defendant Hill with regard to proper police practices.

24.

Upon information and belief, in willful, reckless, and callous disregard to Ms. Brown rights under federal and state law, Defendants Paul and City of Baton Rouge did not have a

sexual harassment policy in place to protect citizens from police officers in the City of Baton Rouge at all relevant times.

25.

Defendant Hill's extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or customs—both written and unwritten— of the BRPD and the City of Baton Rouge.

26.

Defendants Paul and City of Baton Rouge are guilty of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train BRPD Officers;

2. Failing to reprimand and discipline BRPD Officers who engage in misconduct;

3. Failing to retrain and/or otherwise control BRPD Officers who engage in detaining citizens without probable cause;

4. Failing to follow appropriate policies and procedures to address sexual harassment by officers to citizens;

5. Failing and inadequately investigating complaints and allegations of sexual harassment and other misconduct by BRPD Officers;

6. Tacitly approving of BRPD Officers using their power and position to interfere with other citizens' rights;

7. As a matter of both policy and practice the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from the reckless indifference of Defendant's City agents, servants, and employees in its Police Department.

27.

As a direct result and proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

**CAUSES OF ACTION**

Count I

Plaintiff v. Defendant Hill, Defendant Paul, and City of Baton Rouge Federal Constitutional Claims

28.

The actions of Defendants Hill, Defendant Paul, and City of Baton Rouge violated Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from unlawful detention, sexual assault, the unlawful use of power, and threat of malicious prosecution.

Count II

Plaintiff v. Defendant Paul and City of Baton Rouge Federal Constitutional Claims

29.

The actions or in-actions of Defendant Paul and the City of Baton Rouge violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing the injuries suffered by Plaintiff due to Defendant Paul and the City of Baton Rouge failure to train, supervise, and discipline Defendant Hill.

30.

The actions or in-actions of Defendant Paul and the City of Baton Rouge violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing the injuries suffered by Plaintiff by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

Count III

Plaintiff v. Defendant City of Baton Rouge Federal Constitutional Claims

31.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of the Defendant City of Baton Rouge, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Responding to a trespassing call;

b. Legal cause to criminally charge a citizen;

c. Abuse of power by police officers;

d. Police officers' duties and responsibilities to engage in proper investigative techniques;

e. The proper exercise of police powers, including not limited to the making of an arrest, the use of influence, and the use of criminal charges to coerce citizens into accepting sexual advances;

f. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

g.   The hiring and retention of officers who are unqualified for their employment positions;

h.   Police officers' use of their status as police officers to employ the use of coercion or to achieve ends not reasonably related to their police duties;

i. The failure of police officers to follow established policies, procedures, directive, and instructions regarding arrests, use of influence, and the threat institution of criminal charges under such circumstances as presented by this case;

j. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Baton Rouge police officers;

k. As a matter of both policy and practice the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department;

Count IV

Plaintiff v. Defendants Hill, Paul, City of Baton Rouge and

North Gate Apartments State Law Claims

32.

Ms. Brown alleges that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which requires that every act, whatever man that causes damage, obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of

persons for whom the individual is answerable, or of the thing which the individual has in his custody.

33.

The actions and/or in-actions of Defendant Hill, under the law of the State of Louisiana, constitute the torts of:

a. False imprisonment;

b. Assault;

c. Intentional Infliction of Emotional Distress;

d. Malicious Prosecution;

e. Intentional Misrepresentation;

f. Abuse of Process;

g. Sexual Battery

34.

The actions and/or in-actions of Defendants Paul, City of Baton Rouge, and North Gate Apartments under the law of the State of Louisiana, constitute the torts of:

a. False imprisonment;

b. Aggravated Assault;

c. Intentional Infliction of Emotional Distress;

d. Intentional Misrepresentation;

e. Abuse of Process;

f. Negligent Retention;

g. Negligent Supervision;

h. Negligent Hiring

JURY TRIAL DEMAND

35.

Ms. Brown requests a trial by jury.

PRAYER FOR RELIEF

36.

Ms. Brown respectfully requests:

a. Compensatory damages as to all Defendants;

b. Punitive damages as to Defendants Hill, Paul, the City of Baton Rouge, and North Gate Apartments;

c. Reasonable attorneys' fees under 42:U.S.C.1988 and costs as to all Defendants;

d.  Interest;

e. Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

        **HALEY & ASSOCIATES**

        **/s/ Ronald S. Haley, Jr.**
        RONALD S. HALEY, JR.
        Louisiana Bar Roll No. 30900
        ASHLEY GREENHOUSE
        Louisiana Bar Roll No. 31266
        RYAN J. BEAULIEU
        Louisiana State Bar Roll No. 39799
        8211 Goodwood Blvd. Suite E
        Baton Rouge, LA 70806
        Telephone: (225) 663-8869
        Facsimile: (888) 900-9771
        rhaley@ronaldhaleylawfirm.com